# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| BRUCE M. ZESSAR, individually and on behalf of all others similarly situated,<br><br>   Plaintiff,<br><br> v.<br><br>WILLARD R. HELANDER, et. al.<br><br>   Defendants. | )<br>)<br>)<br>)<br>)<br>)  No. 05-cv-1917<br>)<br>)<br>)<br>)<br>)  Hon. David H. Coar |

## PLAINTIFF'S RESPONSE TO DEFENDANTS' PROPOSED NOTICE AND HEARING PROCEDURES

Plaintiff Zessar submits this memorandum in response to defendants' proposed procedures. Defendants' proposal, simply to accept Senate Bill 1445 (undoubtedly a product of this case), which has been passed by the Illinois General Assembly but not yet signed by the governor, provides adequate notice and hearing provisions for those absentee voters who are able to appear in person to rehabilitate their ballot. However, it fails to provide equal opportunity for absentee voters who are unable to appear in person to receive due process.

<u>Defendants' Proposal.</u> Defendant Helander and Defendant State Board rely upon the revised sections, 10 ILCS 5/19-8(g) and 10 ILCS 5/20-8, as stated in SB 1445, for their proposed procedures. While originally defendants argued that implementing any such procedures would be impossible, these new procedures are essentially the procedures that Plaintiff was seeking to implement all along.

However, the revised Election Code sections fail to provide for those individuals who voted absentee because they will be out of the precinct well beyond Election Day, i.e. military overseas, "snowbirds", college students, etc. The use of the word "appear" presumes that the voter will show up to the election authority *in person*.

Plaintiff's Proposal. Plaintiff's submission of proposed procedures, which have otherwise essentially been adopted into SB1445, includes a procedure to allow the rejected absentee voter, who is unable to defend his/her ballot *in person*, to submit an affidavit or similar proof. (See Plaintiff's Proposed Procedures at 2-3). The voter may return the affidavit by mail or facsimile or deliver it to the election authority *in person*. Implementing this procedure allows the rejected absentee voter who is unable to appear in person to still receive the due process the voter is entitled to protect his or her ballot. Without the safeguard alternative to appearing in person, those who are not present in their county of residence within the 14 days following the election will be denied the right to defend/rehabilitate their ballot.

WHEREFORE, for the foregoing reasons, Plaintiff requests that any procedures adopted by this court include a provision permitting the submission of an affidavit or other means for those who are unable to appear in person to defend or rehabilitate their ballot and thus receive the due process to which the voter is entitled.

Dated: June 7, 2006

                                          Respectfully submitted,

                                          <u>   /s/ Elizabeth Neugent Dixon   </u>.
                                          Attorney for the Plaintiff Class

Clinton A. Krislov
Elizabeth Neugent Dixon
Krislov & Associates, Ltd.
20 North Wacker Drive
Suite 1350
Chicago, IL 60606
Tel: (312)606-0500
Fax: (312)606-0207