IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BRUCE M. ZESSAR, individually and on behalf of all others similarly situated,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>WILLARD R. HELANDER, et. al.<br><br>　　　　Defendants. | )<br>)<br>)<br>)<br>)<br>)　No. 05-cv-1917<br>)<br>)<br>)<br>)<br>)<br>)　Hon. David H. Coar<br>) |

**PLAINTIFF CLASS'S MOTION FOR AN INJUNCTION**

　　　　Pursuant to Federal Rule of Civil Procedure 65, Plaintiff Class moves for an injunction to prevent the election authorities in Illinois from rejecting absentee ballots without providing appropriate due process procedures, specifically timely notice and a pre-deprivation hearing. In support of this motion, Plaintiff Class states:

　　　　1.　　As held by this Court's 2006 opinion and judgment, Illinois' absentee ballot system violates the due process rights of absentee voters by failing to provide timely notice and pre-deprivation hearing.

　　　　2.　　Following the Court's March 13, 2006 order, the State of Illinois passed legislation amending the absentee voting provisions of the Election Code, 10 ILCS 5/19-8. This amendment, while providing timely notice of the absentee ballot's rejection, continues to be deficient in terms of providing a pre-deprivation hearing to the rejected voter.

　　　　3.　　Relevant to the upcoming Tuesday, November 7, 2006 election, the newly enacted absentee voting provisions remain unsatisfactory as to the pre-deprivation hearing process for a)

1

individuals who are absent from their district for a long period of time (longer than the 14 day period following voting day), even if they receive notice of their ballots' rejection; b) the procedures governing the panel of judges assembled to hear challenges, and c) the means to appeal from an adverse panel finding.

4. Thus, in three weeks, when the elections take place, those absentee voters whose ballots are rejected will not receive the due process they are entitled as Illinois voters.

5. Plaintiff Class seeks to enjoin Defendants from rejecting absentee ballots without establishing a mechanism for long-term absentees to defend their ballot. Those individuals could easily be afforded pre-deprivation relief by permitting the rejected voter to submit, via mail, fax, or email, an affidavit (accompanied by a copy of current drivers licence, state or military identification card, or equivalent) verifying that their ballot is legitimate.

6. The Illinois Election Code, 10 ILCS 5/19-8, currently requires rejected absentee voters to "appear" in person on or before the fourteenth day after the election to show cause as to why the ballot should not be rejected. Personal appearance by the absentee voter is far too great a requirement. Without the safeguard alternative to appearing *in person*, those who are not present in their county of residence within the 14 days following the election will have no way and will be denied the right to defend/rehabilitate their ballot.

7. Further, Plaintiff requests that Defendants be enjoined from rejecting any absentee ballots without establishing a clear set of uniform procedures for the panel of judges convened for the purpose of reviewing contested ballots. The newly enacted absentee ballot laws are vague as to the requirements of these judges and the election authorities. The mere formation of a panel of reviewing judges does not ensure adequate pre-deprivation relief for absentee voters.

8. Defendants must be required to demonstrate that all 110 election authorities have

implemented a panel of three judges, that the procedures followed by the panel are uniform, and that the procedures will provide appropriate due process. Until these procedures established, Defendants should be enjoined from rejecting any and all absentee ballots.

9. Finally, people must have the right to appeal an adverse ruling on an expedited basis to the state court. This statute's prohibition on appeal is unconstitutional as a violation of due process and must be held void. The voter is entitled to a common law right of certiorari to the state court for an immediate hearing to resolve any disputes that remain if and when the panel of judges reviews their absentee ballot and upholds a rejection.

10. Where the Administrative Review Law has not been expressly adopted, the writ of common law certiorari survives as an available method of reviewing the actions of agencies and tribunals exercising administrative functions. *Brown v. Duncan*, 361 Ill.App.3d 125, 131 (1st Dist. 2005)(members of local school council brought a complaint for administrative review, writ of certiorari, and declaratory relief against city board of education after board refused to approve principalship contract entered into due to member quorum violations) (*citing Stratton v. Wenona Community Unit District No. 1*, 133 Ill.2d 413, 427 (1990)). The common law writ of certiorari was developed to provide a means whereby a petitioner who was without avenue of appeal or direct review could obtain limited review over an action by a court or other tribunal exercising quasi-judicial functions. *Id.*

11. An immediate hearing to resolve the absentee voters challenged ballot would not unduly delay the outcome of the election, while permitting administrative and judicial review where the actions of the election authority are at issue.

12. <u>Standard for granting injunctive relief</u>. In order to justify entering a preliminary

injunction[1], a district court must consider whether the moving party has demonstrated (1) some likelihood of prevailing on the merits, (2) the absence of an adequate remedy at law, and (3) irreparable harm if preliminary relief is not granted. *Ferrell v. United States Dept. of Housing and endanger Development*, 186 F.3d 805, 811 (7th Cir.1999).

13. <u>Likelihood of prevailing on the merits</u>. In light of this Court's opinion denying Defendants' motions to dismiss, the likelihood of Plaintiff and the Class prevailing on the merits here is great, and has already been shown. As stated in the opinion and above, the current procedures are invalid and there are several very significant questions about the procedures in place to provide pre-deprivation hearings in the current absentee ballot laws and until these issues are resolved, absentee voters cannot receive the procedural due process they are entitled.

14. <u>Absence of an adequate remedy at law</u>. Monetary relief is unavailable and not meaningful redress for one's right to vote. Indeed, an election which turns on an invalid vote count (where the ballot difference is less than the number of rejected absentees) is an irreparable loss to the whole affected community, for which money is no substitute. The only way to preserve the absentee voters' due process rights is to grant an injunction to prevent Defendants from rejecting their ballots under the procedures set forth in the Election Code. 10 ILCS 5/19-8(g-5). Enjoining Defendants from rejecting absentee ballots will ensure that no absentee voters' due process rights are jeopardized.

15. <u>Irreparable harm</u>. Absentee voters whose ballots are rejected will suffer

---

[1] While in a sense the injunction could be considered either preliminary or permanent, the Plaintiff Class has labeled this injunction "preliminary", based on the fact that the election authorities may not be permanently enjoined from ever rejecting an absentee ballot, as long as they do so while also providing appropriate due process to the absentee voter. We submit this preliminary injunction, without prejudice and in consideration of any other label this court may deem more appropriate.

irreparable harm if Defendants process their ballots in the manner set forth under the Election Code. The rejected voter will not receive the appropriate pre-deprivation hearing and, thus, their right to vote will be denied.

WHEREFORE, for the foregoing reasons, Plaintiff and the Class request that this Court enjoin Defendants and the Defendant Class from rejecting absentee ballots under the current Election Code and require a full and fair pre-deprivation hearing for all rejected absentee voters.

Dated: October 20, 2006

Respectfully submitted,

/s/ Elizabeth Neugent Dixon
Attorney for the Plaintiff

Clinton A. Krislov
Elizabeth Neugent Dixon
Krislov & Associates, Ltd.
20 North Wacker Drive
Suite 1350
Chicago, IL 60606
Tel: (312) 606-0500
Fax: (312) 606-0207

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BRUCE M. ZESSAR, individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> WILLARD R. HELANDER, et. al. <br><br> Defendants. | ) ) ) ) ) ) ) No. 05-cv-1917 ) ) ) ) ) ) Hon. David H. Coar ) |

**PROPOSED ORDER**

THIS MATTER came before the Court on Plaintiff Class's Motion for an Injunction with respect to the upcoming November 7, 2006 general election. Incorporating this Court's findings of fact and conclusions of law in its March 13, 2006 and October 10, 2006 orders, this Court has previously determined that the Illinois Election Code's absentee ballot provisions violate due process by failing to afford voters of rejected absentee ballots reasonable pre-deprivation procedures to protect their votes.

IT IS HEREBY ORDERED:

    (a)    Defendants are hereby enjoined from:

        i.    rejecting absentee ballots of those long-term absentee voters who are unable to appear in person to defend/rehabilitate their ballot.

        ii.    rejecting any and all absentee ballots until the procedures governing the implementation and duties of the panel of election judges, convened to hear challenges to rejected absentee ballots, guarantee the constitutional due process protection of which the absentee voter is entitled.

      (b)      The Election Code's prohibition on appeals, either administratively or judicially, is declared void and the absentee voter is entitled to common law certiorari for state court review of the rejection of their ballot.

Dated:

                                                                                                                                     Honorable David H. Coar

Prepared by:
Krislov & Associates, Ltd.
20 North Wacker Drive, Ste. 1350
Chicago, IL 60606
TEL: (312) 606-0500
FAX: (312) 606 0207