**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **BRUCE M. ZESSAR** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **No.  05 C 1917** |
| **v.** | ) | |
| | ) | |
| **WILLARD R. HELANDER, Lake County** | ) | **HONORABLE DAVID H. COAR** |
| **Clerk, et al.** | ) | |
| | ) | |
| | ) | |
| **Defendants.** | ) | |

**MEMORANDUM OPINION AND ORDER**

**FACTS**

The facts stated in this court's March 13, 2006 summary judgment opinion are hereby

incorporated. On March 13, 2006, this court concluded that the Illinois Election Code provisions

regarding the casting of absentee ballots violated absentee voters' due process rights, and that the

implementation of a constitutional absentee voting system would be a proper remedy. On July 3,

2006, the Illinois General Assembly passed Public Act 94-1000, revising the Illinois Election

Code, to provide prompter notification of rejected absentee ballots, and a chance for an in-person

hearing before the election to rehabilitate the ballot.

Specifically, P.A. 94-1000 provides that within two days of receipt of a mailed-in-

absentee ballot, an election judge or official shall compare the signatures. If the signatures

match, and the absentee voter is otherwise qualified to cast an absentee vote, the vote shall be

counted. If the signatures do not match, or there is some other reason for disqualification, the

ballot is rejected. Within two days of the rejection, the election authority must notify the absentee voter of the rejection and inform the voter of the reason or reasons the ballot was rejected. The notice must also explain that the voter may appear before the election authority, on or before the 14th day after the election, to show cause for why the ballot should not be rejected. The election authority shall appoint a panel of three election judges to review the contested ballot, application, and certification envelope, as well as any evidence submitted by the absentee voter. No more than two election judges on the reviewing panel shall be of the same political party. The panel's determination is final, not subject to review by administrative or state courts.

After the passage of P.A. 94-1000, Defendants moved to dismiss the case as moot. This court denied the motion on October 10, 2006, indicating that it is unclear whether the new statute would provide a constitutional voting system. Specifically, this court was concerned with (1) the individuals who are absent from the state during the period that covers the in-person absentee voting dates, as well as the dates available for the pre-deprivation hearing before the three election judges–these individuals are denied the opportunity to be heard prior to the final canvass, because he or she would be unable to appear in person; and (2) whether the state was prepared to implement the three-judge panel review system.

On October 26, 2006, this court denied Plaintiff Class' motion for preliminary injunction, unwilling to issue an injunction that presupposes the inadequacy of procedures yet to be developed. The general election was held in November 2006 under the revised election system of P.A. 94-1000. Statistics from the November election were submitted to this court.

On April 30, 2007, Plaintiff Class filed its Submission for Final Judgment. Plaintiff Class claims no further proceedings are needed, and moves the court to enter a final judgment as follows:

a) judgment that the prior version of 10 ILCS 5/19-8 is unconstitutional because it failed to provide due process to the absentee voter;

b) judgment that the newly enacted provision of the Illinois Code, while making improvements, remains unconstitutional by requiring "in person" presentation of proof from absentee voters absent from their precinct well beyond election day;

c) judgment that the election authority shall use all available addresses in its possession (mail, email, and fax) to notify voter of rejection; and

d) judgment that Plaintiff and the Class are "prevailing parties" and award appropriate fees and costs.


## ANALYSIS

### A. Judgment that the prior version of 10 ILCS 5/19-8 is unconstitutional because it failed to provide due process to the absentee voter

This court has already ruled on the constitutionality of the absentee ballot provisions of the Illinois Election Code before July 30, 2006 in the previous summary judgment opinion. In the March 13, 2006 opinion, this court ruled in favor of the Plaintiff Class, finding that the lack of opportunity for a pre-deprivation hearing before final canvass violated the absentee voter's due process rights. This court incorporates the summary judgment finding in this final judgment.

**B. Judgment that the newly enacted provision of the Illinois Code, while making improvements, remains unconstitutional by requiring "in person" presentation of proof from absentee voters absent from their precinct well beyond election day**

Plaintiff requests this court to rule that the newly enacted absentee voting provisions remain unconstitutional, because of the "in-person appearance" requirement. In the November 2006 General Election, the data showed that of the 1139 rejected ballots, 116 absentee voters sought review (approx. 10%), and 115 were found valid. In the November 2006 General Election, 671 Military/Overseas absentee ballots were rejected, 13 sought review (approx. 2%), and all 13 were counted after review. Plaintiff Class seems to suggest that this discrepancy (10% and 2%) is due to the "in person" appearance requirement, which may discourage overseas absentee voters with rejected ballots from seeking review. Plaintiff Class proposes that rejected voters should be able to submit an affidavit, copy of an existing government issued ID card or similar proof via fax or U.S. mail, as an alternative to an "in person" appearance.

Defendants assert that the statistics show that the local election authorities have implemented the absentee voting procedures to statutory standards, where those who sought review received a pre-deprivation hearing and ruling. Many of the rejected absentee ballots were subsequently found valid, showing that the newly enacted pre-deprivation review procedures were serving their statutory function. Defendants argue that the statute is not unconstitutional on its face, and further, because there is no concrete case of a distant absentee voter requesting review, the issue is not ripe before this court.

The information before the court does not reveal any distant or overseas absentee voter who is unable to challenge his or her rejected ballot in the present case. The Plaintiff Class has supplied no evidence of such a case. This court does not take up hypothetical issues dealing with

abstract circumstances and intangible injuries. Further, although this court has reservations about the implementation of procedures for rejected absentee ballots from overseas absentee voters, it is inappropriate for this court to presuppose the inadequacy of procedures yet to be developed. This court agrees that the local election authority should have an opportunity to address the issue of rejected absentee ballots from overseas, and be afforded the chance to work out the practical implementation of the statute without precipitous court intervention. If a concrete case arises with actual injury, it may then be appropriate and ripe for adjudication. In the present case, this court declines to award judgment that the newly enacted provision of the Illinois Code is unconstitutional.

**C. Judgment that the election authority shall use all available addresses in its possession (mail, email, and fax) to notify voter of rejection**

Plaintiff Class asserts that election authority should be instructed to use all available means to contact voters–including email, phone and fax, if provided on the absentee ballot envelop. Plaintiff Class cites to *Jones v. Flowers*, 126 S.Ct. 1708, 1713, where the Supreme Court held that when notice by registered mail of a tax sale is returned unclaimed, a state must take additional reasonable steps to provide notice to the property owner before selling the property. In *Jones,* the Supreme Court found that the returned registered mail attempt was inadequate, but declined to "prescribe the form of service or notice that the government should adopt." *Id*. at 1721. The Court specifically stated that it would not attempt to "redraft the State's notice statute," and that the "State can determine how to proceed in response to our conclusion that notice was inadequate." *Id*.

Consistent with the *Jones* approach, this court declines to prescriptively require a specific notification process. The practical application of "reasonable" notification for the rejected absentee ballots is properly left to the local election authorities. This court will not assume that local election officials will apply the "reasonable notice" requirement in a manner inconsistent with their duties.

**D. Judgment that Plaintiff and the Class are "prevailing parties" and award appropriate fees and costs**

Under 42 U.S.C. §1988, a "prevailing party" is entitled to "a reasonable attorney's fee." *Farrar v. Hobby*, 506 U.S. 103, 109 (U.S. 1992). In *Buckhannon Bd. & Care Home v. W. Va. Dep't of Health & Human Res.*, the Supreme Court held that when a defendant voluntarily mooted the action, where there was no change in legal relationship between the parties, the plaintiff was not considered a prevailing party and, therefore, was not entitled to attorney's fees. 532 U.S. 598 (U.S. 2001). The Seventh Circuit further narrows *Buckhannon* in *Palmetto Props., Inc. v. County of Dupage*, 375 F.3d 542, 549 (7th Cir. 2004). In *Palmetto*, the plaintiff strip club challenged the constitutionality of a county ordinance. The district court held that certain provisions in the ordinance were unconstitutional, granting a partial summary judgment in favor of the plaintiff. The defendant county repealed the offending portion after the court's summary judgment opinion, and the case was subsequently dismissed as moot. The Seventh Circuit determined that in such a case, where the district court ruled on the substantive merits of the case in the plaintiff's favor (i.e. that the certain provisions were unconstitutional), and the defendant changed the law after the court's determination, presumably because of it, the plaintiff is deemed to be the "prevailing party."

The Seventh Circuit distinguishes *Palmetto* from *Buckhannon*, *T.D. v. La Grange Sch. Dist. No. 102,* 349 F.3d 469 (7th Cir. 2003), and *Fed'n of Adver. Indus. Representatives, Inc. v. City of Chicago,* 326 F.3d 924, 932 (7th Cir. 2003). In *Buckhannon*, the state legislature repealed the contested provision while discovery was still pending and prior to any substantive judicial determinations. Without a judgment on the merits, there is no change in legal relationship, and the plaintiff was not deemed a prevailing party. *Palmetto*, 375 F.3d 542, 547. In contrast, in *Palmetto*, the County repealed the ordinance only after the district court made a judgment on the merits in a partial summary judgment opinion, finding that a portion of the County's adult-entertainment zoning ordinance to be unconstitutional. The repeal of the ordinance addressed the very issues that the court found unconstitutional, and thus it is presumed that the repeal of the ordinance was made because of the court determination. *Id*. at 550. In *T.D.*, the Seventh Circuit concluded that a court-sponsored private settlement was insufficient to convey prevailing party status. This is distinguishable from *Palmetto*, as the repeal of the ordinance came presumably as a result of a substantive judgment on the merits, and not a private settlement. Finally, in *Federation*, it was held that when a favorable district court judgment is reversed (except for one small provision), the plaintiff loses its prevailing party status as a result of the reversal. *Id* at 549.

The instant case is most similar to *Palmetto*. Unlike *Buckhannon*, this court has made a substantive ruling on the merits, finding that certain absentee voting procedures under the Illinois Election Code violated the absentee voters' due process rights. It was only after this court's judgment that the state legislature amended the Code. Specifically, P.A. 94-1000 revised the Illinois Election Code to address the constitutionality issues raised in the summary judgment opinion. The facts of this case make *Palmetto* directly applicable. Further, no private settlement

or reversal has taken place, rendering *T.D.* and *Federation* inapposite at this time. Thus, relying on Seventh Circuit precedent, this court finds that the Plaintiff Class in this case qualifies for prevailing party status. Reasonable attorney fees and costs are awarded to the Plaintiff Class under 42 U.S.C. §1988. The parties shall proceed to meet and confer in an effort to reach agreement as to the amount of fees in accord with the procedures set forth in Local Rule 54.3(d). In the event that no agreement is reached as to all matters concerning fees, a motion for fees may be filed by no later than 90 days from the date of this order.

CONCLUSION

This court enters final judgment that the prior version of 10 ILCS 5/19-8 is unconstitutional because it failed to provide due process to the absentee voter, in accordance with the summary judgment opinion of March 13, 2006; and that Plaintiff Class qualifies as "prevailing parties", such that reasonable fees and costs are awarded.

This court declines to enter judgment that the newly enacted provision of the Illinois Code is unconstitutional; or that the election authority shall use all available addresses in its possession (mail, email, and fax) to notify voter of rejection.

Enter:

/s/ David H. Coar

_____
David H. Coar
United States District Judge

Dated: **June 11, 2007**